UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASIEL F. CORREIA, II, | ) | Criminal No. 18-10364-DPW |
| | ) | |
| Defendant. | ) | |

MEMORANDUM REGARDING PROPOSED
<u>INDICTMENT REDACTION</u>
April 9, 2021

In anticipation of the further pre-trial conference on April 9, 2021, the Court is circulating (as an attachment to this Memorandum) a draft form of redaction of the indictment which may be provided to the jury in connection with final jury instructions in this case. The Court remains concerned that steps continue to be taken to ensure that disruption of the jury pool by intense pre-trial publicity be minimized to permit the selection of a fair and impartial jury. The circulation of the draft in this form is designed to advance that goal.

In particular, the parties will note that the draft redaction:

A. Includes only the specific charging language of the several counts alleged. The broader narrative in the unredacted Second Superseding Indictment has been deleted;

B. Deletes reference to aiding and abetting charges, since as the government recognized at the last pre-trial conference, the indictment charges the defendant directly as a principal;

C. Does not modify any specific language of the Second Superseding Indictment as redacted, nevertheless;

D. Contemplates that the identification of unnamed investors, victims and middlemen referenced in the draft will have substituted actual names if adequate proof is offered at trial; and

E. Presents the forfeiture allegations in their current form. The parties may wish to consider whether the forfeiture allegations are mismatched to the other preceding allegations generally referenced, but otherwise deleted in the redaction.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 18-10364-DPW |
| v. ) | |
| ) | Violations: |
| JASIEL F. CORREIA, II, ) | |
| ) | <u>Counts A – I</u>: Wire Fraud |
| ) | (18 U.S.C. § 1343) |
| Defendant. ) | |
| ) | <u>Counts J – M</u>: False Tax Returns |
| ) | (26 U.S.C. § 7206 (1)) |
| ) | |
| ) | <u>Counts N, P, R, T, and V</u>: |
| ) | Extortion Conspiracy |
| ) | (18 U.S.C. § 1951) |
| ) | |
| ) | <u>Counts O, Q, S, U, and W</u>: |
| ) | Extortion |
| ) | (18 U.S.C. § 1951) |
| ) | |
| ) | <u>Count X</u>:  Bribery |
| ) | (18 U.S.C. § 666(a)(1)(B)) |
| ) | |
| ) | <u>Forfeiture Allegation</u>: |
| ) | (18 U.S.C. § 981(a)(1)(C) & |
| ) | 28 U.S.C. § 2461(c)) |

<u>INDICTMENT</u>

## COUNTS A – I
## Wire Fraud
## (18 U.S.C. § 1343)

The Grand Jury charges:

On or about each of the dates set forth below, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

JASIEL F. CORREIA, II,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Date | Description of Wire Communication |
|---|---|---|
| A | 5/5/2014 | Processing of $6,000 Check #112 from [Actual Name] to SnoOwl |
| B | 11/5/2014 | Email from CORREIA to [Actual Names] attaching SnoOwl business plan |
| C | 11/8/2014 | Email from CORREIA to [Actual Names] re equity stake, inv. Agreement |
| D | 11/18/2014 | Processing of $25,000 Check #130 from [Actual Name]to SnoOwl |
| E | 11/18/2014 | Processing of $25,000 Check #3808 from [Actual Name] to SnoOwl |
| F | 11/18/2014 | Email from CORREIA [Actual Names] re: signed investor agreement |
| G | 1/14/2015 | Processing of $20,000 Check #131 from [Actual Name] to SnoOwl |
| H | 5/5/2015 | Processing of $5,000 Check #2412 from [Actual Name] to SnoOwl/CORREIA |
| I | 5/5/2015 | Processing of $4,500 Check #2413 from [Actual Name] to SnoOwl/CORREIA |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS J and K
## Filing False Tax Returns
## (26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about the dates set forth below, in the District of Massachusetts, the defendant,

## JASIEL F. CORREIA, II,

did willfully make and subscribe U.S. Individual income tax returns, Forms 1040, for the tax years identified below, which were verified by written declarations that each return was made under the penalties of perjury, and which were filed with the Director, Internal Revenue Service, which returns CORREIA did not believe to be true and correct as to every material matter in that CORREIA then and there well knew and believed said Individual Returns substantially understated his actual income.

| Count | Form | On or About | Tax Year |
| --- | --- | --- | --- |
| J | 1040 | 02/18/2015 | 2013 |
| K | 1040 | 02/18/2015 | 2014 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS L and M
## Filing False Tax Returns
## (26 U.S.C. § 7206(1))

The Grand Jury further charges:

On or about the dates set forth below, in the District of Massachusetts, the defendant,

### JASIEL F. CORREIA, II,

did willfully make and subscribe Amended U.S. Individual income tax returns, Forms 1040X, for the tax years identified below, which were verified by a written declaration that each return was made under the penalties of perjury, and which were filed with the Director, Internal Revenue Service, which returns CORREIA did not believe to be true and correct as to every material matter in that CORREIA then and there well knew and believed said Individual Returns substantially understated his actual income, and claimed false Schedule C business losses.

| Count | Form  | On or About | Tax Year |
| ----- | ----- | ----------- | -------- |
| L     | 1040X | 05/30/2017  | 2013     |
| M     | 1040X | 05/30/2017  | 2014     |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS N, P, and R
## Extortion Conspiracy
## (18 U.S.C. § 1951)

The Grand Jury further charges:

On or about the dates set forth below, in Fall River and Boston, in the District of Massachusetts, and elsewhere, the defendant,

JASIEL F. CORREIA, II,

and others known and unknown to the Grand Jury, did conspire to knowingly obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, by obtaining property not due to CORREIA and his co-conspirators, from the victims, with the victims' consent, under color of official right, as set forth below:

| Count | Appx. Dates | Victim | Official Act(s) |
|---|---|---|---|
| N | Jun. 2016 – Sept. 2016 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| P | May 2018 – March 2019 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| R | July 2018 – Sept. 2018 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |

All in violation of Title 18, United States Code, Section 1951.

COUNTS T and V
Extortion Conspiracy
(18 U.S.C. § 1951)

The Grand Jury further charges:

On or about the dates set forth below, in Fall River and Boston, in the District of Massachusetts, and elsewhere, the defendant,

JASIEL F. CORREIA, II,

and others known and unknown to the Grand Jury, did conspire to knowingly obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, by obtaining property not due to CORREIA, ANDRADE, and their co-conspirators, from the victims, with the victims' consent, under color of official right, as set forth below:

| Count | Appx. Dates | Victim | Official Act(s) |
|---|---|---|---|
| T | June 2018 – July 2018 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| V | Jan. 2017 – Sept. 2017 | [Actual Name] | Activation of Water to 379 Kilburn; Issuance of Trench Permit; Payment of Invoice for Work Done |

All in violation of Title 18, United States Code, Section 1951.

## COUNTS O, Q, and S
## Extortion
## (18 U.S.C. § 1951)

The Grand Jury further charges:

On or about the dates set forth below, in Fall River and Boston, in the District of Massachusetts, and elsewhere, the defendant,

### JASIEL F. CORREIA, II,

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, by obtaining property not due to CORREIA and his co-conspirators, from the victims, with the victims' consent, under color of official right, as set forth below:

| Count | Appx. Dates | Victim | Official Act(s) |
|---|---|---|---|
| O | Jun. 2016 – Sept. 2016 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| Q | May 2018 – March 2019 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| S | July 2018 – Sept. 2018 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |

All in violation of Title 18, United States Code, Section 1951.

COUNTS U and W
Extortion
(18 U.S.C. § 1951)

The Grand Jury further charges:

On or about the dates set forth below, in Fall River and Boston, in the District of Massachusetts, and elsewhere, the defendant,

JASIEL F. CORREIA, II,

did knowingly obstruct, delay, and affect, and attempt to obstruct, delay, and affect, in any way and degree, commerce and the movement of articles and commodities in commerce, by extortion, as those terms are defined in Title 18, United States Code, section 1951; that is, by obtaining property not due to CORREIA and his co-conspirators, from the victims, with the victims' consent, under color of official right, as set forth below:

| Count | Appx. Dates | Victim | Official Act(s) |
| --- | --- | --- | --- |
| U | June 2018 – July 2018 | [Actual Name] | Issuance of Non-Opposition Letter; Issuance of Host Community Agreement |
| W | Jan. 2017 – Sept. 2017 | [Actual Name] | Activation of Water to 379 Kilburn; Issuance of Trench Permit; Payment of Invoice for Work Done |

All in violation of Title 18, United States Code, Section 1951.

## COUNT X
## Bribery
## (18 U.S.C. § 666(a)(1)(B))

The Grand Jury further charges:

Between at least in or about November 2017 and July 2018, in Fall River, in the District of Massachusetts, and elsewhere, the defendant,

### JASIEL F. CORREIA, II,

being an agent of a local government, namely, the mayor of the town of Fall River, did corruptly solicit, demand, accept, and agree to accept a thing of value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions, involving $5,000 or more, of the town of Fall River, a town that receives in excess of $10,000 in federal program benefits in any one year period; that is, CORREIA solicited, demanded, and accepted approximately $22,800 from his chief of staff, Genoveva Andrade, in return for agreeing to appoint Andrade, and allowing her to remain in her position.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

# FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1343, 1951, and 666(a)(1)(B), set forth in Counts A through I and N through X of this Indictment, the defendant,

JASIEL F. CORREIA, II,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

If any of the property described in Counts N-V, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants –

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Counts N-V above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).