UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 18-10364-DPW |
| v. ) | |
| ) | |
| JASIEL F. CORREIA, II, ) | |
| ) | |
| Defendant ) | |

### RESPONSE TO COURT ORDER REGARDING INTENT ELEMENT OF WIRE FRAUD

The government responds herein to the Court's inquiry regarding what the government must prove with respect to the defendant's intent to defraud in connection with the wire fraud counts (Counts A-I).

Prior to the start of trial on April 29, 2021, the Court stated as follows:

> The issue that I want to have you thinking about is intent, and when intent attaches in connection with the charges that are laid here. My preliminary view is that the defendant has to have the specific intent to defraud at the time that the misrepresentations are made and that the wire facilitation takes place, both of them. I'm sorting through this. I'm outlining it for you so you've got an idea of what we might be talking about and what you should be prepared to think about and help me work my way through.

4/29/21 Tr. at 3.

The government appreciates the Court making the parties aware of its preliminary view on this issue. Respectfully, however, the government's position is that the Court's preliminary view imposes too high a burden on the government. While the government agrees that it must prove the defendant had the specific intent to defraud, as the cases cited herein establish, that specific intent element only applies to the scheme itself, not to each individual misrepresentation and wire transmission alleged to have occurred in furtherance of the scheme. In other words, while the government must establish that the defendant had a specific intent to defraud in pursuing the scheme, it need not marshal proof on that subject for each separate misrepresentation or wiring.

At least two cases rebut the notion that the government needs to prove that the defendant acted with a specific intent to defraud with respect to each of the wire transmissions. *See United States v. Hoffman*, 901 F.3d 523, 548 (5th Cir. 2018) ("There need not be intent to defraud particular to each wire but only with respect to the overall scheme."); *United States v. Cusino*, 694 F.2d 185, 188 (9th Cir. 1982) ("the specific intent requirement under 18 U.S.C. § 1343 pertains to the scheme to defraud, not to the causing of wire transmissions") (internal citations omitted).

These holdings comport with the common understanding of the mail and wire fraud statutes, which impose a modest mail/wire nexus and which do not require the defendant—or indeed any party to the fraud—to have actually sent the mailing or wire himself. *See, e.g., Schmuck v. United States*, 489 U.S. 705, 710-711, 715 (1989) (use of mails need not be "essential element" of scheme but rather must merely be "incident" to an "essential part of the scheme" or a "step in the plot," and thus the "relevant question" is simply "whether the mailing is *part of* the execution of the scheme") (emphasis added); *United States v. Tavares*, 844 F.3d 46, 59 (1st Cir. 2016) (defendant need not personally mail anything so long as it was reasonably foreseeable that mails would be used in the ordinary course of business to further the scheme).

Although the precedents just cited concern the mail fraud statute, the underlying principles apply equally to wire fraud cases. *See United States v. Fermin Castillo*, 829 F.2d 1194, 1198 (1st Cir. 1987) (observing that "[t]he language of the (newer) wire fraud statute . . . tracks that of the (older) mail fraud statute," that "[t]he requisite elements of the crimes, apart from the means employed, are identical," that "[t]he legislative history of the wire fraud statute reveals that it was patterned on the mail fraud law," and that "the statutes can fairly be regarded as being in pari passu," and holding that "in general, caselaw construing § 1341 is instructive for purposes of § 1343") (internal citations omitted).

Given this settled and expansive construction of the mailing/wiring element, and the fact that sections 1341 and 1343 do not even require the defendant or others associated with the scheme to have sent the mailings or wires themselves or to have intended that they be sent, it cannot be the case that the government is required to prove that the defendant himself possessed an intent to defraud in connection with each individual alleged wiring. Put differently, if a defendant may be convicted upon proof that wirings were reasonably foreseeable to him generally as part of the scheme, even if he was oblivious of a particular charged wire, the government cannot have the burden of proving his specific intent to defraud in the transmission of that wire.[1]

Relatedly, the government respectfully disagrees with the Court's tentative view that it is required to prove that the defendant acted with a specific intent to defraud in making each of the many false statements that comprised the scheme—a requirement that would effectively call for a mini-trial as to each misrepresentation. In the government's view, the jury is entitled to consider each statement in combination as evidence of the defendant's intent to defraud. The government is aware of no case requiring the jury to parse a defendant's intent with respect to each remark made in the course of a fraud scheme, and to discount or delete the remark unless specific intent to defraud is proven beyond a reasonable doubt as to that particular comment.

---

[1] To the extent that the Court's preliminary view is that the jury must find that there was a scheme to defraud that predated the wire transmissions, the government agrees. *See United States v. Contenti*, 735 F.2d 628, 633 (1st Cir. 1984).

                                            Respectfully submitted,

                                            NATHANIEL R. MENDELL
                                            Acting United States Attorney

                              By:    */s/ Zachary R. Hafer*
                                            Zachary R. Hafer
                                            David G. Tobin
Date:  May 2, 2021                          Assistant U.S. Attorneys


## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent by ECF to the registered participants.

                                                            */s/ Zachary R. Hafer*
                                                            Zachary R. Hafer
                                                            Assistant U.S. Attorney