# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 18-10364-DPW
)
JASIEL F. CORREIA, II, )
)
Defendant. )

## INSTRUCTIONS AS TO COUNTS OF INDICTMENT

## WIRE FRAUD
## COUNTS A-I
## 18 U.S.C. § 1343

Mr. Correia is accused in Counts A, B, C, D, E, F, G, H, and I of violating the federal statute making fraud involving interstate communication by wire illegal.

Counts A, H, and I concern fraudulent representations allegedly made to David Cabeceiras.

Counts B, C, and D concern fraudulent representations allegedly made to Mark Eisenberg.

Counts E and F concern fraudulent representations allegedly made to Victor Martinez.

Count G concerns fraudulent representations allegedly made to Stephen Miller.

You must consider each of these Counts and the facts and circumstances you find in the evidence regarding each separately. Your decision as to any one of these Counts does not necessarily mean that you will reach the same decision with respect to any other of these Counts.

For you to find Mr. Correia guilty of any of these Counts, the government must prove the following beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to defraud by obtaining money or property through false or fraudulent pretenses;

Second, that the scheme to defraud involved misrepresentation, false statement, false assertion, half-truth or knowing concealment concerning a material matter;

Third, that Mr. Correia knowingly and willfully participated in this scheme with the specific intent to defraud;

Fourth, that, for the purpose of executing the scheme and in furtherance of the scheme, Mr. Correia knowingly and willfully caused an interstate wire communication to be used, or that it was reasonably foreseeable to him that for the purpose of

executing the scheme, and in its furtherance, an interstate wire communication would be used; and

Fifth, that on or about the date alleged in the separate Counts of the indictment a wire communication in interstate commerce was used in the execution and furtherance of the scheme. While the parties have stipulated to this, you, as final finders of fact, must make the determination that you are convinced beyond a reasonable doubt.

A **scheme** includes any plan, pattern or course of action. It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone. But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.

The term **"defraud"** means to deceive another in order to obtain money or property.

The phrase **"false or fraudulent pretenses"** means any false statements or assertions that were either known to be untrue when made or were made with reckless indifference to their truth and that were made with the intent to defraud. The term includes actual, direct false statements as well as half-truths and the knowing concealment of facts.

The Government has proceeded at trial on the theory that the scheme to defraud allegedly devised by Mr. Correia involved false and fraudulent pretenses using the following types of representations:

With respect to **Counts A, H, and I, representations to David Cabeceiras** (1) that Mr. Correia had been involved in successfully developing and selling a prior app, (2) that investor money for the SnoOwl project would be used to develop the SnoOwl app, and (3) omitting to state and concealing that investor money for the SnoOwl project would be used for Mr. Correia's personal benefit and not for the development of the SnoOwl app.

With respect to **Counts B, C, and D, representations to Mark Eisenberg** (1) that Mr. Correia had been involved in successfully developing

3

and selling a prior app, (2) that investor money for the SnoOwl project would be used to develop the SnoOwl app, and (3) omitting to state and concealing that investor money for the SnoOwl project would be used for Mr. Correia's personal benefit and not for the development of the SnoOwl app.

With respect to **Counts E and F, representations to Victor Martinez** (1) that Mr. Correia had been involved in successfully developing and selling a prior app, (2) that investor money for the SnoOwl project would be used to develop the SnoOwl app, and (3) omitting to state and concealing that investor money for the SnoOwl project would be used for Mr. Correia's personal benefit and not for the development of the SnoOwl app.

With respect to **Count G representations, to Stephen Miller** (1) that Mr. Correia had been involved in successfully developing and selling a prior app, (2) that investor money for the SnoOwl project would be used to develop the SnoOwl app, and (3) omitting to state and concealing that investor money for the SnoOwl project would be used for Mr. Correia's personal benefit and not for the development of the SnoOwl app.

In order to meet its burden of proving Mr. Correia's involvement in a scheme to defraud regarding a particular Count, the Government must convince you beyond a reasonable doubt with respect to each such Count that at least one of the types of representations it contends involved false and fraudulent pretenses was knowingly and willfully made by Mr. Correia. You must unanimously find that a particular type of representation was made by Mr. Correia with respect to each Count. It is not sufficient for the Government to meet its burden if some jurors find that one type of representation was made and other jurors find that other types of representation were made. The jury must be unanimous with respect to at least one type of representation as to each separate Count for the Government to meet its burden of proof regarding that Count.

A **"material"** fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to

4

whom it was addressed, in this instance to influence the decisionmaker to invest in the SnoOwl project.

Mr. Correia can be found to have acted **"knowingly"** if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident.

Mr. Correia can be found to have acted **"willfully"** if he acted voluntarily and intentionally and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, he acted with bad purpose either to disobey or to disregard the law.

Since, under the **Third** topic, specific intent to defraud is an essential element, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. Under the wire fraud statute, even false representations do not amount to violations if Mr. Correia made those representations unless he did so with fraudulent intent. If Mr. Correia believed that what he was representing to investors was true he can be said to have acted in good faith.

An honest belief in the truth of the representations by Mr. Correia is a full defense, however inaccurate the representations may turn out to be. However misleading or deceptive a plan or scheme may be, it is not fraudulent if it was devised and carried out in good faith.

A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove knowing and willful falsity and consequent lack of good faith beyond a reasonable doubt.

The burden to prove intent, as with all other elements of the crime, always rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Mr. Correia knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other

facts and circumstances received in evidence that may aid in your determination of Mr. Correia's knowledge, willfulness and intent.

You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

Since, under the **Fourth** topic, Mr. Correia must be shown to have specifically intended that an interstate wire communication be used, the government must prove that Mr. Correia knowingly and willfully acted with that intent. When one does an act with knowledge that an interstate wire communication will follow in the ordinary course or where such an interstate wire communication may reasonably be foreseen - even though not precisely contemplated in some specific form - then a person can be found to have caused and specifically intended the interstate wire communication to be used.

However, the actual wire communication in interstate commerce - required under the **Fifth** topic - does not itself have to be essential to the scheme, although it must have been made for the purpose of carrying it out.

There is no requirement that Mr. Correia himself was involved in the wire communication, that the wire communication itself was fraudulent or that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud. But the government must prove beyond a reasonable doubt that Mr. Correia knew, or could reasonably have foreseen, that the wire communication alleged would follow in furtherance of the scheme for the purpose of executing the scheme. While the parties have stipulated to this, you, as final finders of fact, must make the determination that you are convinced beyond a reasonable doubt.

## FALSE TAX RETURNS
## COUNTS J - M
## 26 U.S.C. § 7206(1)

Mr. Correia is accused in Counts J, K, L and M of the federal statute making illegal filing false federal income tax returns.

Counts J and K concern Mr. Correia's initial individual tax returns for Tax Years 2013 and 2014, respectively. Counts L and M concern amended individual tax returns filed for Tax Years 2013 and 2014, respectively.

You must consider each of these Counts and the facts and circumstances you find in the evidence regarding each separately. Your decision as to any one of these Counts does not necessarily mean that you will reach the same decision with respect to any other of these Counts.

For you to find Mr. Correia guilty of any of these Counts, the government must prove the following beyond a reasonable doubt:

> First, that Mr. Correia made, or caused to be made, the federal income tax return separately charged in each of these Counts, and verified that return to be true and correct;
>
> Second, that the tax return was false as to a material matter;
>
> Third, that Mr. Correia signed the return willfully, knowing it to be false; and
>
> Fourth, that the return contained a written declaration that it was made under the penalty of perjury.

A "material" matter under this statute is one that is likely to affect the calculation of tax due and payable, or to affect or influence the IRS in carrying out the functions committed to it by law, such as monitoring and verifying tax liability. A return that omits material items necessary to the computation of taxable income is not true and correct. The Government does not need to prove that Mr. Correia knew of the materiality of the matter to the IRS. Nor does the government need to prove that any false statement was made with intent to induce the government to rely upon it or to deceive the government. But the

7

Government must prove that the matter was material to the IRS as described in these instructions.

"**Willfully**" means a voluntary, intentional violation of a known legal duty. Such willful intent can be established beyond a reasonable doubt if you find Mr. Correia chose to keep himself uninformed as to the full extent to which it was inadequate. The legal duty alleged by the Government with respect to each of Counts, J, K, L, and M is the duty to provide truthful information on the return. The Government alleges that Mr. Correia acted with specific intent to violate that duty when he knew that the several returns he is alleged to have signed substantially understated his actual income. With respect to Counts L and M, the Government also alleges in this connection that Mr. Correia knowingly and willfully claimed false Schedule C business losses.

"**Knowing**" means to be conscious and aware of one's actions, realizing what one is doing and what was happening around him. The Government must prove beyond a reasonable doubt that Mr. Correia did not act because of ignorance, mistake or accident.

Mr. Correia's signature on the tax returns at issue may satisfy the Government's burden to prove that he read the return and knew of its allegedly false contents.

Under this tax statute, even false representations or statements, or omissions of material facts, do not amount to violations if Mr. Correia believed in good faith that his actions complied with the law. If Mr. Correia believed that what he was doing in allegedly signing the returns complied with the tax statutes, and that he reported his income and losses fairly, he can be said to have acted in good faith. An honest belief in the truth of the representations by Mr. Correia is a full defense, however inaccurate the representatons may turn out to be. A defendant has no burden to establish a defense of good faith. The burden is on the Government to prove knowing and willful falsity and consequent lack of good faith beyond a reasonable doubt.

**EXTORTION**
**(As Conspiracy)**
**COUNTS N, P, R, T, and V**
**and**
**(As Substantive Crime)**
**COUNTS O, Q, S, U, and W**
**18 U.S.C. § 1951**

Mr. Correia is accused in Counts N, O, P, Q, R, S, T, U, V and W of violating the federal statute making illegal the commission of extortion under color of official right by obstructing, delaying or affecting commerce.

The charges contained in these Counts constitute two different theories concerning how the charged extortion violated federal law. Counts O, Q, S, U, and W charge Mr. Correia with the substantive crime of extortion. Counts N, P, R, T, and V charge Mr. Correia with being part of a conspiracy to commit the substantive crime of extortion.

You must consider each of these Counts and the facts and circumstances you find in the evidence regarding each separately. Your decision as to any one of these Counts does not necessarily mean that you will reach the same decision with respect to any other of these Counts.

Because all of these Counts turn on the substantive crime of extortion, I will outline the elements of that crime as charged in Counts O, Q, S, U, and W before giving further instructions regarding the crime of conspiracy to extort as charged in Counts N, P, R, T, and V.

For you to find Mr. Correia guilty of the **substantive crime of extortion under color of official right,** the Government must prove all of the following beyond a reasonable doubt:

> First, that Mr. Correia knowingly and willfully obtained property from the person identified in the Count under consideration;
>
> Second, that Mr. Correia did so by means of extortion under color of official right; and
>
> Third, that the extortion affected interstate commerce. While the parties have stipulated to this, you, as final finders of fact, must make the determination that you are convinced beyond a reasonable doubt.

The term **"extortion"** means the obtaining of property from another with his consent under circumstances in which that consent was obtained under color of official right.

The phrase **"extortion under color of official right"** requires the Government to prove beyond a reasonable doubt that as a public official Mr. Correia obtained property to which he was not entitled and knew at the time he was obtaining that property in return for official acts. The government must prove beyond a reasonable doubt that the property was obtained in return for an explicit promise or understanding by Mr. Correia that he would perform an official act.

The term **"interstate commerce"** means commerce between any point in a state and any point outside the state. It is only necessary that the government prove beyond a reasonable doubt that there is a realistic probability that the acts committed by Mr. Correia as charged in the indictment had some slight or minimal effect on interstate commerce. It is not necessary for you to find that Mr. Correia knew or intended that his actions would affect interstate commerce. And again, while the parties have stipulated to this, you, as final finders of fact, must make the determination that you are convinced beyond a reasonable doubt.

Mr. Correia can be found to have acted **"knowingly"** if he was conscious and aware of his actions, realized what he was doing or what was happening around him and did not act because of ignorance, mistake or accident.

Mr. Correia can be found to have acted **"willfully"** if he acted voluntarily and intentionally and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, he acted with bad purpose either to disobey or to disregard the law.

For you to find the defendant guilty of the **crime of conspiracy to commit extortion under color of official right**, as charged in Counts N. P, R, T, and V, the Government must prove the following beyond a reasonable doubt:

First, that the agreement specified in those Counts of the indictment, and not some other agreement, existed between Mr. Correia and at least one other person;
Second, that the object of that agreement was to commit extortion under color of official right; and

Third, that Mr. Correia willfully joined in that conspiracy.

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not need to have a formal written agreement or plan in which everyone involved sat down together and worked out all of the details.

But the Government must prove beyond a reasonable doubt that those who agreed shared a general understanding about the object of their agreement. Mere similarity of conduct among various people, or the fact that they may have associated together with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. But you may consider such factors, if you find them, as evidence of whether an agreement necessary to constitute a conspiracy existed.

The Government does not need to prove that the conspiracy succeeded or that its object was achieved. The crime of conspiracy to commit extortion under official right is completed upon the agreement to commit the underlying crime. Of course, the commission of the underlying crime of extortion may be evidence that a conspiracy to achieve that object existed between Mr. Correia and one or more other persons.

The term **"willfully"** in the context of conspiracy means that the Government must prove that Mr. Correia acted voluntarily and intelligently and with the specific intent that the underlying crime of extortion under official right be committed – that is to say with bad purpose, either to disobey or disregard the law – and not to act by ignorance, accident or mistake.

The Government must prove two types of intent beyond a reasonable doubt to convince you that Mr. Correia willfully joined the conspiracy charged in Counts N. P, R, T, and V: an intent to agree and an intent that the underlying crime of extortion under official right be committed.

11

Proof beyond a reasonable doubt that Mr. Correia willfully joined the agreement charged may be based on his own words and actions and on any other evidence I have permitted to be admitted in this case. As is always the case, you may also use circumstantial evidence in considering whether the government has met its burden of proof beyond a reasonable doubt concerning the conspiracy charges.

# BRIBERY
## COUNT X
### 18 U.S.C. § 666(a)(1)(B)

Mr. Correia is charged in Count X with soliciting, demanding, and accepting a bribe from his chief of staff, Genoveva Andrade, while he was acting as an agent for a federally funded program. Such activity is a violation of federal law.

In order to find Mr. Correia guilty of this offense, you must find that the government has convinced you beyond a reasonable doubt of the following:

First, that at the time alleged in the indictment Mr. Correia, as Mayor, was an agent of the local government of Fall River. While the parties have stipulated to this, you, as final finders of fact, must make the determination that you are convinced beyond a reasonable doubt;

Second, that the local government of Fall River received federal benefits in excess of $10,000 in the one-year period during which the alleged bribery took place. The parties have also stipulated to this; again, as final finders of fact, you must make the determination whether you are convinced beyond a reasonable doubt;

Third, that Mr. Correia accepted approximately $22,800 in payments from his then chief of staff, Genoveva Andrade;

Fourth, that Mr. Correia acted corruptly with the intent to be influenced or rewarded in connection with personnel business of the local government of Fall River in his choice and continued retention of Ms. Andrade to serve as his chief of staff; and

Fifth, that the value of service as chief of staff to Mr. Correia for which payments were received was at least $5,000.