```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


   UNITED STATES OF AMERICA,       )
                     Plaintiff    )
                                  )
   vs.                            ) No. 18-CR-10364-DPW-1
                                  )
   JASIEL F. CORREIA, II,         )
                     Defendant.   )




          BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
                UNITED STATES DISTRICT JUDGE
                SEALED IN CAMERA CONFERENCE




        John Joseph Moakley United States Courthouse
                    One Courthouse Way
                     Boston, MA 02210


                       June 25, 2019
                        1:52 p.m.





             Kathleen Mullen Silva, RPR, CRR
                   Official Court Reporter
         John Joseph Moakley United States Courthouse
                One Courthouse Way, Room 7209
                  Boston, Massachusetts 02210
                 E-mail: kathysilva@verizon.net

          Mechanical Steno - Computer-Aided Transcript
```

```
 1   APPEARANCES:
 2
 3          United States Attorney's Office
 4          AUSA Zachary R. Hafer
 5          AUSA David G. Tobin
 6          1 Courthouse Way, Suite 9200
 7          Boston, Massachusetts 02210
 8          617.748.3106
 9          for the Government
10
11          Law Offices of Kevin J. Reddington
12          Kevin J. Reddington, Esq.
13          1342 Belmont Street, Suite 203
14          Brockton, Massachusetts 02301
15          508.583.4280
16          for the Defendant
17
18
19
20
21
22
23
24
25
```

1    THE COURT: So Barbara said that you had stuff that
2 you wanted to disclose about developments here, and I thought
3 it would be better to take it outside of the courtroom rather
4 than create controversy and so on. So maybe you can tell me
5 what's up.
6    MR. HAFER: Thank you for doing that, Your Honor, yes.
7    The rub for us is there are -- well, the government
8 expects there will be additional charges against Jasiel
9 Correia. Timing wise our best guess currently is in the next
10 45 to 60 days on those charges. I'm going to try to beat that,
11 but that's, based on the follow-up that needs to be done, about
12 where we are.
13    I didn't want to say that publicly in a press case.
14    THE COURT: Yeah.
15    MR. HAFER: That's not good for him. It's not good
16 for us. It's not good for anybody.
17    THE COURT: No.
18    MR. HAFER: But I wanted you to know because I didn't
19 want to come in and ask for a trial date and then --
20    THE COURT: I hate being the last to know.
21    But this goes to the question of trial date, and
22 without inquiring, unless it's been shared between you, is this
23 an expansion of the current case, or is there some different --
24    MR. HAFER: It's different. Speaking sort of
25 generally, I let Mr. Reddington know on Friday that we had an

1    expectation of the additional charges.
2             I don't think -- I need to look at some cases under
3    Rule 8.  It's certainly not the same series of transactions,
4    the same set of facts.  There's that language in there about
5    are the offenses of the same or similar character, but I
6    think -- this will be a corruption case.
7             THE COURT:  So this is after the defendant became a
8    public official?
9             MR. REDDINGTON:  Mayor.
10            MR. HAFER:  Yes.  It really doesn't -- there's some
11   witness overlap.  There's some -- there are some connections,
12   but it's not -- so I think there's a threshold question as to
13   whether it's a supersede, it's a new indictment.  I think one
14   of the reasons that we shared with Mr. Reddington was to see if
15   he had a preference, if he had a view on that, but it's new,
16   it's corruption related.
17            THE COURT:  Well, I have no view because I don't know
18   what it is.
19            MR. HAFER:  Correct.
20            THE COURT:  I'm not going to resolve something until
21   the parties have a clear understanding of what the implications
22   are, but I do have a case in front of me that I want to
23   schedule.
24            MR. HAFER:  Correct.
25            THE COURT:  And I feel comfortable scheduling it

1   promptly.  I would not feel uncomfortable scheduling something
2   that anticipated whatever discovery was necessary in the case.
3           MR. REDDINGTON:  Right.
4           THE COURT:  But if you don't want to do that --
5           MR. REDDINGTON:  How far out are you booking cases?
6           THE COURT:  I'm talking January would be the earliest.
7           MR. REDDINGTON:  That's what I figured, Judge.  It's
8   one of the busiest dockets in the building.  Well, okay.
9           MR. HAFER:  It's fine with me if you want to pick a
10  date now in January.
11          MR. REDDINGTON:  We can pick a date now.  I'm thinking
12  out loud, without getting into the facts.  My position and
13  feeling is that if you're going to take a shot at it, I'd
14  rather do it once rather than having consecutive trials.  I
15  tend to think it's not a superseding indictment because it's a
16  totally unrelated set of facts.  On the other hand, I may agree
17  to consolidation.  So I'd like to just try it once.
18          THE COURT:  I don't mean to pressure this area,
19  obviously.  One of the things that's come to the fore for us
20  more than -- "us" being the court -- more than in the past is
21  the question of random assignment, which is implicated by Rule
22  8.
23          MR. REDDINGTON:  Of course.
24          THE COURT:  And it's pulling in different directions.
25  Yesterday I had a sentencing in which I think I made it clear I

1    would have sentenced quite differently but for the fact there
2    was a track record in the case, but I feel under the Sentencing
3    Reform Act that probably the most important aspect of
4    evaluation is avoiding disparity among similarly situated
5    defendants and there were similarly situated defendants.
6           On the other hand, there have been allegations of
7    picking and choosing among a variety of different cases that
8    the government has outstanding. I don't have any view about
9    that, but I just note it. And all of that is brought to our
10   attention -- the court's attention that maybe we ought to
11   adjust the assignment rules in some fashion to avoid one side
12   or the other where the public is generally saying, wait a
13   minute, there's something going on here.
14          And that's by way of general context. The particulars
15   are the parties are entitled, I think, to make strategic
16   judgments as well about assignments. If somebody says I'm
17   going to force you to do it and this doesn't come within Rule 8
18   and there should be a random assignment, then we'll have to
19   deal with it from that perspective. The point is I just want
20   it on the table that there are a number of other considerations
21   that I don't take personally one way or the other.
22          MR. REDDINGTON: I would rather have it here and do it
23   probably both at the same time.
24          THE COURT: We'll think about it that way. So maybe
25   if I set the -- for instrumental purposes, if I set the trial

1  not formally in court, but just in terms of the scheduling for
2  the parties, we fix a date that could try both cases, then
3  we'll do it that way.  You tell me at this point what you think
4  because what I think I'm going to do is to say I want -- the
5  case has been transferred -- in open court -- the case has been
6  transferred to me by the magistrate, you know, there's no
7  longer any activity to be done.  As it stands now I
8  understand -- I have a busy trial schedule and counsel has a
9  busy trial schedule and concerns.  Do you have suggestions for
10 a date?  And I don't know whether you do.  I said January
11 because that's the earliest I could do it.
12          MR. REDDINGTON:  Sure.  Should we say February?
13          MR. HAFER:  Do you have anything in February, Your
14 Honor?
15          THE COURT:  No, you get priority.
16          MR. REDDINGTON:  Excellent.
17          MR. TOBIN:  February's fine.
18          THE COURT:  So pick a -- if you were to say in open
19 court we consulted in anticipation of this, we suggest,
20 consistent with our mutual schedules and the court's schedule,
21 that we put those down, I'll probably say that's fine, and, you
22 know, bring to my attention anything that needs to be tidied up
23 before the trial itself.  And then, you know, you'll look at
24 whatever they do, if they do it.  That date's real, by the way.
25 If there's no superseding indictment, no new information or

1  anything like that, we're going to trial that date in this
2  case.  But you'll decide what you want to do.
3        MR. REDDINGTON:  Sure.
4        THE COURT:  Okay?
5        MR. HAFER:  To the extent you ask me now how long the
6  trial will be, my answer would be based solely on what exists
7  currently.
8        THE COURT:  Let me give you an idea.  I'm going to be
9  planning around it.  If this were the larger trial --
10       MR. REDDINGTON:  Do you go 9:00 to 1:00?
11       THE COURT:  Yeah.
12       MR. HAFER:  Ten trial days still, I think.  Ten trial
13  days, I think.
14       THE COURT:  I'll say I view this as maybe a three-week
15  trial.  I'll simply say I'll carve out three weeks based on my
16  looking at it and we'll refine that --
17       MR. HAFER:  Okay.
18       THE COURT:  -- as it gets closer, but I wanted to get
19  all of us clear on what we're holding for a schedule.  Okay?
20       MR. REDDINGTON:  Great.  Thanks.
21       MR. HAFER:  Thank you, Your Honor.
22       MR. REDDINGTON:  Thank you, Judge.
23       THE COURT:  We'll see you right out there.
24  (Adjourned 1:59 p.m.)
25

```
 1                    C E R T I F I C A T E
 2
 3
 4    UNITED STATES DISTRICT COURT )
 5    DISTRICT OF MASSACHUSETTS    )
 6
 7
 8             I certify that the foregoing is a correct transcript
 9    from the record of proceedings taken June 25, 2019 in the
10    above-entitled matter to the best of my skill and ability.
11
12
13
14
15    /s/ Kathleen Mullen Silva                         6/22/21
16
17    Kathleen Mullen Silva, RPR, CRR                   Date
      Official Court Reporter
18
19
20
21
22
23
24
25
```