UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-10364-DPW |
| | ) |
| (1) JASIEL F. CORREIA, II, | ) |
| Defendant. | ) |

**<u>ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

September 27, 2021

WHEREAS, on September 19, 2019, a federal grand jury sitting in the District of Massachusetts returned a Twenty-Six count Second Superseding Indictment charging Jasiel F. Correia, II (the "Defendant") specifically with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Nine); False Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts Ten through Thirteen); Extortion Conspiracy, in violation of 18 U.S.C. § 1951 (Counts Fourteen, Sixteen, Eighteen, Twenty, and Twenty-Two); Extortion, in violation of 18 U.S.C. §§ 1951 (Counts Fifteen, Seventeen, Nineteen, Twenty-One, and Twenty-Three); and Bribery, in violation of 18 U.S.C. § 666(a)(1)(B) (Count Twenty-Four);[1]

WHEREAS, the Second Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offense alleged in Counts One through Twenty-Four of the Second Superseding Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense;

WHEREAS, the Second Superseding Indictment further provided that, if any of

---

[1] The Defendant Correia was not charged with Counts Twenty-Five and Twenty-Six.

the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on May 14, 2021, after a jury trial, a jury found the Defendant guilty of nine counts of wire fraud, in violation of 18 U.S.C. § 1343; four counts of tax fraud, in violation of 26 U.S.C. § 7602(1); four counts of extortion conspiracy, in violation of 18 U.S.C. § 1951; and four counts of substantive extortion, also in violation of 18 U.S.C. § 1951 of the Second Superseding Indictment;

WHEREAS, based on the jury's verdict as to the Defendant on May 14, 2021, and in light of the judgments of acquittal granted as to certain counts by this Court, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $566,740 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $566,740 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 1951; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

2

1.  The Defendant shall forfeit to the United States the sum of $566,740, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  The payment of such forfeiture amount to the United States shall be subordinate to the payment of all other financial consequences of his judgment of conviction, including the mandatory assessment, restitution principal, restitution interest, tax liabilities prior to the entry of the judgment of conviction and tax liabilities which become due and owing after the entry of the judgment of conviction through and until conclusion of the period of supervision.

3.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

4.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

5.  The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

6.  This Order made pursuant to Rule 32.2(b)(4), was pronounced — subject to refinements as anticipated — and imposed by the Court at the sentencing hearing on September 21, 2021, and is included in the criminal judgment this day entered by this Court against the Defendant.

*/s/ DOUGLAS P. WOODLOCK*
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE