AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| JASIEL F. CORREIA, II | Case Number: **1   18 CR 10364   - 01   - DPW** |
| | USM Number:  01205-138 |
| | William Fick, Daniel Marx, Kevin Reddington |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☑ was found guilty on count(s)   2ss,3ss, 6ss,14ss through 21ss of the Second Superseding Indictment
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1343 | Wire Fraud | 11/05/14 | 2ss |
| 18 U.S.C. §1343 | Wire Fraud | 11/08/14 | 3ss |
| 18 U.S.C. §1343 | Wire Fraud | 11/18/14 | 6ss |
| 18 U.S.C. §1951 | Extortion Conspiracy | 09/30/16 | 14ss |
| 18 U.S.C. §1951 | Extortion | 09/30/16 | 15ss |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   1ss,4ss,5ss,7ss,8ss,9ss,10ss,11ss,12ss,13ss,22ss, 23ss, 24ss

☑ Count(s)   1-13 and 1s-24s   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/21/2021

Date of Imposition of Judgment

/s/ Douglas P. Woodlock

Signature of Judge

The Honorable Douglas P. Woodlock
Judge, U.S. District Court

Name and Title of Judge

9/27/2021

Date

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1A

Judgment—Page _____ 2 _____ of _____ 8 _____

DEFENDANT:  JASIEL F. CORREIA, II
CASE NUMBER:  **1  18  CR  10364   - 01   - DPW**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1951 | Extortion Conspiracy | 03/30/19 | 16ss |
| 18 U.S.C. §1951 | Extortion | 03/30/19 | 17ss |
| 18 U.S.C. §1951 | Extortion Conspiracy | 09/30/18 | 18ss |
| 18 U.S.C. §1951 | Extortion | 09/30/18 | 19ss |
| 18 U.S.C. §1951 | Extortion Conspiracy | 07/31/18 | 20ss |
| 18 U.S.C. §1951 | Extortion | 07/31/18 | 21ss |

AO 245B (Rev.02/18)   Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page  3  of  8

DEFENDANT:   JASIEL F. CORREIA, II
CASE NUMBER:   1  18  CR  10364  - 01  - DPW

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:   72   month(s)

This term consists of 72 months on Counts 2ss, 3ss, 6ss and 14ss-21ss, to be served concurrently.

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.  ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☑   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑   before 2 p.m. on   12/3/2021_____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page ___4___ of ___8___

DEFENDANT:   JASIEL F. CORREIA, II
CASE NUMBER:   **1  18  CR  10364   - 01   - DPW**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :    **3**   year(s)

 This term consists of three (3) years on Counts 2ss, 3ss, 6ss, and 14ss-21ss, such terms to run concurrently.

## MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from
      imprisonment and at least two periodic drug tests thereafter, as determined by the court.
          ☐ The above drug testing condition is suspended, based on the court's determination that you
              pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as
          directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
          reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*


You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | | Judgment—Page | 5 | of | 8 |

DEFENDANT:   JASIEL F. CORREIA, II
CASE NUMBER:   1  18 CR 10364   - 01   - DPW

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
        Sheet 3B — Supervised Release

Judgment—Page <u>6</u> of <u>8</u>

DEFENDANT:   JASIEL F. CORREIA, II
CASE NUMBER:   **1  18  CR  10364   -  01   - DPW**

## ADDITIONAL SUPERVISED RELEASE TERMS

14.  You must pay the balance of the restitution imposed according to a court-ordered repayment schedule.

15. You are prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

16. You must provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

17. You must meet with the Internal Revenue Service within the first 60 days of the period of supervision in order to determine your outstanding tax liability and you are to file tax returns and pay any past or future taxes due through conclusion of the period of supervised release.

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___7___ of ___8___

DEFENDANT: JASIEL F. CORREIA, II
CASE NUMBER: **1  18 CR  10364  - 01  - DPW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 1,100.00 | $ 0.00 | $ 0.00 | $ 310,240.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| David Cabeceiras | $145,000.00 | $145,000.00 | 47% |
| Mark Eisenberg | $25,000.00 | $25,000.00 | 8% |
| Victor Martinez | $25,000.00 | $25,000.00 | 8% |
| Stephen Miller | $70,000.00 | $70,000.00 | 22% |
| Carl Garcia | $45,240.00 | $45,240.00 | 15% |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ 310,240.00 | $ 310,240.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 02/18)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___9___ of ___8___

DEFENDANT:   JASIEL F. CORREIA, II
CASE NUMBER:   **1 18 CR 10364 - 01 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $  __311,340.00__   due immediately, balance due

        ☐   not later than  _____ , or
        ☑   in accordance with  ☐  C,   ☐  D,   ☑  E, or   ☐  F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal  _____ *(e.g., weekly, monthly, quarterly)* installments of $  _____ over a period of
      _____ *(e.g., months or years)*, to commence  _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal  _____ *(e.g., weekly, monthly, quarterly)* installments of $  _____ over a period of
      _____ *(e.g., months or years)*, to commence  _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

E   ☑   Payment during the term of supervised release will commence within  __30 days__  *(e.g., 30 or 60 days)* after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☑   The defendant shall forfeit the defendant's interest in the following property to the United States:

    See the Order of Forfeiture (Money Judgment)  [ECF # 312 ] entered this day and attached hereto.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, and (4) money judgment forfeiture.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-10364-DPW |
| | ) | |
| (1) JASIEL F. CORREIA, II, | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**
September 27, 2021

WHEREAS, on September 19, 2019, a federal grand jury sitting in the District of

Massachusetts returned a Twenty-Six count Second Superseding Indictment charging Jasiel F.

Correia, II (the "Defendant") specifically with wire fraud, in violation of 18 U.S.C. § 1343

(Counts One through Nine); False Tax Returns, in violation of 26 U.S.C. § 7206(1) (Counts Ten

through Thirteen); Extortion Conspiracy, in violation of 18 U.S.C. § 1951 (Counts Fourteen,

Sixteen, Eighteen, Twenty, and Twenty-Two); Extortion, in violation of 18 U.S.C. §§ 1951

(Counts  Fifteen, Seventeen, Nineteen, Twenty-One, and Twenty-Three); and Bribery, in

violation of 18 U.S.C. § 666(a)(1)(B) (Count Twenty-Four);[1]

WHEREAS, the Second Superseding Indictment also included a forfeiture allegation,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the

United States intended to seek the forfeiture, upon conviction of the Defendant of any offense

alleged in Counts One through Twenty-Four of the Second Superseding Indictment, of any

property, real or personal, that constitutes, or is derived from, proceeds traceable to the

commission of the offense;

WHEREAS, the Second Superseding Indictment further provided that, if any of

---

[1] The Defendant Correia was not charged with Counts Twenty-Five and Twenty-Six.

the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on May 14, 2021, after a jury trial, a jury found the Defendant guilty of nine counts of wire fraud, in violation of 18 U.S.C. § 1343; four counts of tax fraud, in violation of 26 U.S.C. § 7602(1); four counts of extortion conspiracy, in violation of 18 U.S.C. § 1951; and four counts of substantive extortion, also in violation of 18 U.S.C. § 1951 of the Second Superseding Indictment;

WHEREAS, based on the jury's verdict as to the Defendant on May 14, 2021, and in light of the judgments of acquittal granted as to certain counts by this Court, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $566,740 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $566,740 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1343 and 1951; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.  The Defendant shall forfeit to the United States the sum of $566,740, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  The payment of such forfeiture amount to the United States shall be subordinate to the payment of all other financial consequences of his judgment of conviction, including the mandatory assessment, restitution principal, restitution interest, tax liabilities prior to the entry of the judgment of conviction and tax liabilities which become due and owing after the entry of the judgment of conviction through and until conclusion of the period of supervision.

3.  This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

4.  The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

5.  The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

6.  This Order made pursuant to Rule 32.2(b)(4), was pronounced — subject to refinements as anticipated — and imposed by the Court at the sentencing hearing on September 21, 2021, and is included in the criminal judgment this day entered by this Court against the Defendant.

*/s/ DOUGLAS P. WOODLOCK*

_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

3