UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| JASIEL F. CORREIA, II, ) | Criminal No. 18-10364-DPW |
| ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER
November 24, 2021

The defendant on November 17, 2021, filed a motion [Dkt No. 347] to continue the December 3, 2021 surrender date I established for him to commence his sentence while his appeal is pending. The Government the following day swiftly submitted its opposition [Dkt. No. 348] to the motion to continue.

The surrender date at issue was established in writing by the defendant's judgment [Dkt. No. 313] entered September 27, 2021, in accordance with the discussion at the conclusion of the Defendant's sentencing hearing on September 20, 2021. The date was set in contemplation of a reasonable schedule for the briefing of a motion for stay anticipated to be triggered by the docketing of the defendant's Notice [Dkt No. 324] of Appeal of the judgment, which was filed on October 10, 2021. The briefing of the motion to stay proceeded in accordance with the schedule established. The Government filed its anticipatory opposition [Dkt No. 317] on September 30, 2021 and the defendant filed his formal motion [Dkt No. 328] for continued release on

conditions pending appeal on October 12, 2021, the same day the United States Court of Appeals for the First Circuit assigned case number 21-1823 to defendant's appeal to that court.

For its part, the Government filed its own protective Notice [Dkt No. 339] of Appeal regarding my allowance in part of the defendant's motion [Dkt No. 310] for judgment of acquittal regarding certain counts as to which the jury had rendered guilty verdicts. On November 9, 2021, the First Circuit assigned case number 21-1920 to the Government's cross-appeal.

Meanwhile, trial preparations regarding the separate trial of the co-defendant, Genoveva Andrade, proceeded on a parallel track. The Government, as part of an effort to streamline presentation of the Andrade trial evidence, on October 12, 2021 submitted a motion [Dkt No. 325] to dismiss two counts against the defendant Andrade which the jury verdict in the trial against the defendant Correia suggested would prove unpromising in the separate Andrade trial. By a pretrial order [Dkt. No. 330] entered October 18, 2021, I instructed the parties to "be ready for trial to commence with jury selection" the week of December 6, 2021 on a redacted indictment from which the two counts the Government had moved to dismiss had been deleted.

Events since the filing of the defendant's motion to continue his surrender date last week, foreshadowed in the grounds for continuance raised by the defendant's motion broadly construed[1] as a need to provide for "orderly

---

[1] In characterizing these grounds as "broadly conceived" for purposes of the motion to continue the surrender date, I note that the grounds were alluded to

briefing" and to permit the defendant to provide "critical assistance" to a family restaurant "during the holiday season," have made allowance of the motion now before me to continue the surrender date the prudent step in managing the parallel tracks the travel of the separate cases involving the two defendants has taken following the severance of their trials.

The First Circuit on November 16, 2021 established a briefing schedule requiring the defendant Correia to submit his appellate brief on the merits on or before December 27, 2021. The Government filed a motion to dismiss its protective appeal in case number 21-1920 on November 17, 2021, and the First Circuit allowed that motion directing that mandate issue forthwith on November 19, 2019. In a pretrial conference held in camera Monday with counsel in the Andrade case, I confirmed the "readiness' date for trial (subject, as always, to the ever-changing public health circumstances when that trial date is reached).

---

more narrowly for purposes of sentencing. At that point, only the prospect of a motion to stay the sentencing judgment was on the horizon and the argument expressed in the defendant's September 20, 2021 Supplemental Sentencing Memorandum [Dkt. No 303] "that rather than sulking in bitterness or depression after leaving office, Mr. Correia has worked tirelessly in a variety of roles to help keep" his new in-laws family business "viable" was presented aas grounds for sentencing mitigation. Id. at 4-5. The actual briefing and consideration of a motion to stay in this court is now underway and the demands of the holiday season on the family business during the relevant time period are clear. Recognizing that consideration of a motion to stay is a two-step process which must first be completed in this court before it is pursued in the First Circuit, see generally Fed. R. App. P. 9(b), recalibration of the schedule in light of evolving circumstances more broadly conceived is indicated.

During Monday's pretrial conference in the Andrade matter, which was held in camera (a) to avoid compromise of provisional confidentiality for those persons regarding whom proposed evidence may not be introduced at trial and (b) to avoid associated pretrial publicity that would make ever more challenging the selection of a fair and impartial jury beginning December 6,[2] I outlined for counsel my view that current circumstances crystalized last week could justify continuing the surrender date over the Christmas holiday. These newly evolved circumstances included facilitating orderly merits briefing to the Court of Appeals on the firm schedule the Court of Appeals has now established. That briefing will in turn parallel ongoing consideration in an orderly fashion of the pending Correia motion for stay pending appeal. The merits briefing can be undertaken with comparative ease of access for input by Defendant Correia if he is enlarged on bail during this period. In addition, as a practical matter, orderly classification and assignment of the Defendant Correia to a facility designated by the Bureau of Prisons in the midst of the year-end holidays will be less challenging if a brief further continuance is afforded during which the Defendant Correia can meanwhile be productively engaged in demanding work at his family's restaurant business during the holiday season. Moreover, the brief continuance of the surrender date sought provides time sufficient to

---

[2] Notice of the sealing protocols for trial of the Andrade matter was provided by a Procedural Order [Dkt. No. 330] entered on the public docket on October 18, 2021. No objection has been received to these protocols, which are essentially those employed for similar reasons in the preparation for trial and as trial procedures in the Correia matter.

permit resolution of the outstanding motion to stay to be informed by consideration of evidence introduced in the forthcoming Andrade trial.

Having reflected further upon these current circumstances and concluded that they do not present the risk of permitting any stay pending appeal to be misused as a tactic for improper delay while the question of whether the defendant can satisfy his burden by clear and convincing evidence that a stay is appropriate is addressed in the first instance by me and likely by the Court of Appeals on a schedule not artificially compressed, I hereby ALLOW the motion to continue the self-surrender date at the facility designated by the Bureau of Prisons to no later than noon on January 10, 2022, subject to action by this court and by the Court of Appeals resolving any dispute under 18 U.S.C. § 3143(b) regarding release pending appeal.

                                              **/s/ Douglas P. Woodlock**
                                              DOUGLAS P. WOODLOCK
                                              UNITED STATES DISTRICT JUDGE