IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASIEL F. CORREIA, II | No. 18-cr-10364-DPW |

**DEFENDANT JASIEL F. CORREIA, II'S OPPOSITION TO GOVERNMENT'S MOTION [D.E. 410] TO LIFT PROTECTIVE ORDER [D.E. 124]**

Defendant Jasiel F. Correia, II, opposes the government's motion, D.E. 410, to lift the protective order, D.E. 124 (issued on June 26, 2020), while the direct appeal of this matter remains pending. *See United States v. Correia*, No. 21-1823 (1st Cir.).

The protective order in this case, which imposed standard limitations on the use of discovery materials ("solely for the purpose of litigating matters in this case"), provided a carve-out for disclosures by the government to the Massachusetts Cannabis Control Commission ("CCC") to ensure that the CCC could continue to "perform its legitimate regulatory duties." D.E. 124 at 1. To that end, the order authorized the CCC to "use the protected information in the performance of legitimate regulatory duties" and also to make "public disclosures" in certain circumstances, such as "in its interactions with law enforcement officials" and "to the extent necessary in connection with its investigative and administrative proceedings, as well as in connection with related state court proceedings." *Id.* The order further invited the CCC to "seek this Court's permission" to make further disclosures if "necessary." *Id.*

Beyond the vague reference to what "[t]he government understands" about the supposed "unintended consequences" of the protective order, D.E. 410 at 1, the pending motion does not identify any specific instance or information in which the protective order has prevented the CCC

from performing its legitimate regulatory duties. As far as undersigned counsel are aware, the CCC has never asked this Court to authorize any additional disclosure that it deemed necessary. Nor has the government previously asked this Court to modify the order. It would be inappropriate to lift the protective order altogether based on a hypothetical concern divorced from any concrete controversy. In the event that the CCC seeks leave to make a specific disclosure in the future, the parties will be able to address the particulars of that situation.

Contrary to the government's assertion that "the need to avoid pretrial publicity no longer exists," the direct appeal of this case is pending in the U.S. Court of Appeals for the First Circuit. One possible outcome of those appellate proceedings is a new trial for Mr. Correia. Therefore, if the government has provided to the CCC raw investigative materials concerning Mr. Correia that have never been subject to cross-examination or otherwise corroborated, the risk remains that Mr. Correia would suffer unfair prejudice from any further public disclosure.

For these reasons, and as undersigned counsel previously advised counsel for the government, Mr. Correia opposes the motion. The most appropriate course, given the current circumstances, would be to maintain the status quo, which enables the CCC to perform all its regulatory duties and, at the same time, protects Mr. Correia's due process rights.

> Respectfully submitted,
>
> */s/ Daniel N. Marx*
> Daniel N. Marx
> William W. Fick
> FICK & MARX LLP
> 24 Federal Street, 4th Floor
> Boston, MA 02110
> (857) 321-8360
> *dmarx@fickmarx.com*
> *wfick@fickmarx.com*

Dated: March 24, 2022

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 24, 2022.

                                                */s/ Daniel N. Marx*