UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 18-10364-DPW |
| JASIEL F. CORREIA, II, and | ) |
| GENOVEVA ANDRADE, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM
REGARDING
PROTECTIVE ORDER
March 25, 2022

On June 26, 2020, I entered a Second Amended Protective Order [Dkt. No. 124] (the "Exception Order") authorizing an expanded exception to the customary protective order[1] in this case governing dissemination of discovery materials to the parties in criminal cases of some complexity. The Exception Order was designed to permit disclosure by the government to the Massachusetts Cannabis Control Commission for use in performing its regulatory duties.

Since this matter was first assigned to my docket on October 4, 2018, I have been presented with substantial evidence of misconduct and corruption in the conduct of the marijuana business within the Massachusetts Cannabis Control Commission's supervision. The Exception Order gave specific directions regarding further public disclosures by the Commission in

---

[1] An initial Protective Order in this matter [Dkt. No. 27] (the "Original Protective Order") was entered on December 11, 2018, by Magistrate Judge Cabell.

furtherance of its duties.[2]  The Exception Order also indicated that if additional disclosures not covered by its directive were thought by the Commission to be necessary, the Commission was free to seek further direction from this court.

Apparently at the instance of the Commission, the government has now moved [Dkt. No. 410] to "lift the protective order" as it pertains to the Commission.  The government's motion does not provide a particularized statement of necessity for disturbing the current terms of the Exception Order.  While the defendant Andrade (through her counsel) has indicated she does not oppose the motion, the defendant Correia has filed a written opposition [Dkt. No. 414].

Without adopting the grounds for opposition stated by defendant Correia, I will nevertheless deny the government's motion "to lift the protective order."  In this connection, I make four brief points:

   1.   It is unclear why the Commission chose at this point to approach

---

[2] The government first moved [Dkt. No. 101] on February 7, 2020, to amend the Original Protective Order to allow the government to share certain materials with the Massachusetts Cannabis Control Commission to facilitate performance of its "legitimate regulatory duties" by the Commission.  The first motion to amend was supported by documentation signed by Christine Baily, the General Counsel of the Commission.  On that basis, I entered the amended protective order [Dkt. No. 102] on February 10, 2020, sought by the government in its motion, which was assented to by both defendants.
 The government filed an assented-to motion [Dkt No. 123] to modify the amended protective order on June 25, 2020.  This second motion to amend the Original Protective Order was supported by documentation signed by Attorney Baily and by Yaw Gyebi, the Commission's Chief of Investigation and Enforcement, who is also, like Ms. Baily, an attorney authorized to practice law in Massachusetts.  On that basis I entered the Second Amended Protective Order [Dkt. No. 124] on June 26, 2020.

this court through the government.  Sensibly read, the Exception Order makes clear that the Commission itself could seek modification if it was necessary.  By having a third party speak for it, the Commission has only managed to make less than clear what it is that it is seeking.  I do not ordinarily entertain such oblique and attenuated approaches to the modification of court orders.  That much should have been obvious to the Commission, particularly after twice being involved in motions to amend the original Protective Order.  *See generally* Note 2 above.  In order to assist the Commission in understanding its authorization at this point to approach the court directly, I have instructed the clerk to have the Commission specifically listed on the docket as an "Interested Party" represented by Attorney Baily.[3]

    2.    If the Commission in the future seeks some specific identifiable modification of the Exception Order, it must itself, through an attorney of record, file a motion for amendment setting forth with particularity its grounds for contending such a modification is necessary.  Vague assertions — such as those made by government counsel in support of the motion to lift the protective order — referencing  "unintended consequence[s] preventing the [Commission] from openly and transparently conducting certain of its regulatory activities in the ordinary course of its business," even if made

---

[3] In this connection, I note that Attorney Baily is a member of the bar of this court with CM/ECF notice and filing privileges; Attorney Gyebi apparently is not at this time.

directly by the Commission itself, do not begin to meet the particularity requirements.

3. The Commission has not been authorized to have access to grand jury information through the Exception Order. The government for its part has informed the clerk that no such material has been "disclosed/produced" to the Commission. In any event, the United States Court of Appeals for the First Circuit has authoritatively outlined the grounds for and general dimensions of the limitation on the dissemination of grand jury products of discovery in criminal proceedings. *See generally* In Re: *Petition for Order Directing Release of Records (Lepore)*, 27 F.4th 84 (1st Cir. 2022). Absent further order of this court, the government and the Commission shall observe those limitations.

4. The defendant's opposition to the motion to lift the protective order contends that "the most appropriate course, given the current circumstances, would be to maintain the status quo" because the "risk remains that Mr. Correia would suffer unfair prejudice from any further public disclosure" so long as "[o]ne possible outcome of [his pending appeal] is a new trial for Mr. Correia." This grounds, which does not provide an issue of immediacy in light of the concertedly extended course the parties have taken to briefing and addressing the appeal, does not give adequate consideration to the salient competing and countervailing interests involved both a) in balancing the fair trial/free press considerations presented by this matter and b) in securing the

public's interest in not further and unnecessarily obstructing authorized proceedings by other regulatory agencies concerned with the activities at issue in this criminal prosecution.

Accordingly, the motion to lift the protective order [Dkt. No. 410] is hereby DENIED without prejudice to any further particularized request for amendment or modification of the Exception Order filed directly by the Commission through its counsel of record as an interested party in this matter.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE