UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| | * |
| v. | * |
| | * |
| JASIEL F. CORREIA, II, | *    Criminal Action No. 18-cr-10364-ADB |
| | * |
| Defendant. | * |
| | * |
| | * |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR REDUCTION IN SENTENCE**

BURROUGHS, D.J.

Currently before the Court is Jasiel F. Correia's ("Correia") motion for a reduction in his

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(5).  [ECF No. 455].

For the reasons set forth below, the motion is <u>DENIED</u>.

I.      **FACTUAL BACKGROUND**

Following a jury trial, Correia was sentenced to seventy-two months of incarceration.

[ECF No. 313].  This was a significant departure from the advisory guideline sentencing range

for his crimes of conviction which was 151–188 months.  [ECF No. 319 at 46:11–19].

Correia bases his request for a sentence reduction largely on complaints with his trial

counsel and sentencing disparities between him and other involved parties which he asserts were

hidden from the court.  [ECF No. 455 at 2–3].  A motion for a sentence reduction is not the

forum for litigating ineffective counsel claims, but the Court will note that Correia was acquitted

of several counts by the jury, [ECF No. 229 at 5–6], and then acquitted by the Court of an

additional ten counts after his counsel moved for a judgment of acquittal, [ECF Nos. 215, 278,

310].

## II.     PROCEDURAL BACKGROUND

On or about March 18, 2024, Correia petitioned the Warden at the Federal Correctional Institution Ashland, asking for a reduction in his sentence pursuant to 18 U.S.C.§ 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(5).  [ECF No. 455-1].  After more than thirty days had elapsed without response from the Warden, on May 15, 2024, Correia filed the instant motion, seeking a sentence reduction.  [ECF No. 455].  The Government opposed the motion on May 30, 2024, [ECF No. 456], and Correia filed a response on June 26, 2024, [ECF No. 462].

## III.    DISCUSSION

Correia seeks release under 18 U.S.C. § 3582(c)(1)(A) and pursuant to U.S.S.G. § 1B1.13(b)(5).  Previously, incarcerated defendants could seek release under this statute only upon motion of the Bureau of Prisons ("BOP").  The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies.  Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

(1)(A) extraordinary and compelling reasons warrant the reduction;
. . .
(2) the defendant is not a danger to the safety of any other person or
to the community, . . . ; and
(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Correia has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582.

United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

punishment, he or she has the burden of showing that the circumstances warrant that decrease.").

To meet this burden, he must satisfy three requirements.  See United States v. Jackson,

No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020).  First, he must show that

"extraordinary and compelling reasons" warrant his release; second, he must show that release is

consistent with the Sentencing Commission's policy, which requires showing that he is not a

danger to the safety of any other person or the community; finally, he must show that the

sentencing factors in 18 U.S.C. § 3553(a) justify release.  Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons"

support compassionate release, consistent with the § 3553(a) sentencing factors and the

Sentencing Commission's policy.  18 U.S.C. § 3582(c)(1)(A).

### A.    "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that a reduction in sentence due to extraordinary

and compelling reasons may be appropriate in cases where, for example, family circumstances or

the defendant's age or health make release appropriate.  U.S.S.G. § 1B1.13 cmt. n.1(A)–(C).

Beyond that, courts have found that the Sentencing Guidelines set forth a non-exhaustive list and

that a reduction in sentence may also be warranted under the policy's "catch-all provision

[which] allows for [a sentence reduction] when 'there exists in the defendant's case an

extraordinary and compelling reason other than, or in combination with' the other enumerated

reasons." <u>United States v. Guzman-Soto</u>, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D)).

Here, the Court has read all of the documents attached to Correia's motion and his response and considered all of the arguments put forth by Correia.  Generally speaking, Correia asserts misconduct on the part of his trial counsel and instances of ineffectiveness on the part of counsel.  He also asserts that the trial judge who sentenced him either did not know or was misled about the fact that witnesses that testified at the behest of the government did not receive sentences of incarceration.  None of the justifications for a sentence reduction put forth by Correia standing alone or taken together are sufficiently extraordinary or compelling to warrant a sentence reduction.

Thus, the Court finds that Correia has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release.

### B.      Dangerousness and the § 3553(a) Factors

Although Correia has failed to meet his initial burden, in the interest of a complete record, the Court will briefly address the other factors.

First, the Court must consider whether Correia is "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  There is little in the record before the Court to suggest that Correia is a danger to the community.

Second, the Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2)    the need for the sentence imposed—
      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . .
(4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
. . . [and]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons, if any, that favor a reduction in Correia's sentence. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Releasing Correia early, given his reasons stated in support and his already significantly below guideline sentence, would be inconsistent with the purposes of sentencing, including punishment and deterrence. His crime was serious and warrants the arguably already generous sentence imposed.

## IV.    CONCLUSION

The Court finds that Correia has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that warrant a reduction in his sentence. Accordingly, Correia's motion for a reduction in sentence, [ECF No. 455], is DENIED.

**SO ORDERED.**

October 9, 2024                                          /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE